IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATALIE S. MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1371-L-BN |
| | § | |
| CAPITAL ONE, NATIONAL ASSOCIATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Natalie Miller filed a *pro se* complaint in a Dallas County, Texas court against Defendant Capital One, National Association ("Capital One"), alleging breach of contract, breach of fiduciary duties, and violations of various federal statutes. *See* Dkt. No. 1-3 at 6-13.

Capital One then removed Miller's lawsuit to federal court based on federal question and diversity jurisdiction. *See id.* at 3-4.

United States District Judge Sam A. Lindsay referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 3.

For the reasons explained below, the Court should *sua sponte* dismiss Miller's complaint.

**Background**

Miller brought this lawsuit against Capital One for claims related to her credit

card agreement.

She alleges that Capital One failed to disclose to her that she could have "done a special indorsement" to eliminate the need to pay her debt. *See id.* at ¶¶ 16, 62, 98, & 102. And, by failing to do so, Miller claims that Capital One "forced [her] to work and perform under th[e] contract as 'debt'" for "financial gain." *Id.* at ¶¶ 98, 109.

Miller brings claims for breach of contract, breach of fiduciary duties, violations of 12 U.S.C. § 504, violations of 18 U.S.C. § 1956, violations of 18 U.S.C. § 2314, securities and commodities fraud in violation of 18 U.S.C. § 1348, peonage in violation of 18 U.S.C. § 1581, enticement into slavery in violation of 18 U.S.C. § 1583, sale into involuntary servitude in violation of 18 U.S.C. § 1584, forced labor in violation of 18 U.S.C. § 1589, and benefiting financially from peonage, slavery, and trafficking in persons in violation of 18 U.S.C. § 1593A. *See* Dkt. No. 1-3 at 6-13.

She asks for forgiveness of her credit card debt, a full refund of each payment made for the life of the account, an upgrade to a Venture X Rewards credit card with no credit limit, and $25,000,000.00 in damages. *See id.* at 13-14.

## Legal Standards

The Court may "consider the sufficiency of the complaint on its own initiative." *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (citation omitted); *see also Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 n.1 (5th Cir. Jan. 4, 2000) (per curiam) ("[I]t is well-established that the district court may dismiss a complaint on [Federal Rule of Civil Procedure] 12(b)(6) grounds *sua sponte*." (citations omitted)).

Considering a dismissal under Rule 12(b)(6), the Court "accepts all well-

n/a
n/a
n/a

pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g., Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and

- 3 -

conclusions. So, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

So, "to survive" dismissal under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

And "[t]he broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted).

These findings, conclusions, and recommendations provide notice, and the period for filing objections to them affords Plaintiff an opportunity to respond to show how the claims may be amended to allege a plausible cause of action. *See, e.g., Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018) (citations omitted), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

## Analysis

### I. Miller's breach of contract claim is subject to dismissal.

In Texas, the essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff because of the breach. *See Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

Miller alleges that she had a credit card account with Capital One, implying the existence of an agreement between the parties. But she does not plead her own full performance, which presumably would require tender of a valid form of payment, or a breach by Capital One resulting in damages.

And, so, Miller's breach of contract claim should be dismissed.

### II. Miller's breach of fiduciary duties claim is subject to dismissal.

In Texas, the elements for a claim of breach of fiduciary duty are: (1) a fiduciary relationship between plaintiff and the defendant, (2) a breach by the

defendant of its fiduciary duty to plaintiff, and (3) an injury to plaintiff or a benefit to the defendant as a result of the breach. *See Anderton v. Cawley*, 378 S.W.3d 38,51 (Tex. App. – Dallas 2012, no pet.).

Miller makes the conclusory allegation that Capital One has a "fiduciary duty to [her] financial success," but does not explain the basis for this, or any other, fiduciary duty. Dkt. No. 1-3 at 7.

And Texas law does not generally recognize that a bank owes fiduciary duties to its customers. *Wesco v. Cap. One Auto Fin.*, No. 3:24-cv-2276-D-BW, 2024 WL 5358445, at *1 (N.D. Tex. Dec. 9, 2024 (citing *Berry v. First Nat'l Bank of Olney*, 894 S.W.2d 558, 560 (Tex. App.—Fort Worth 1995, no pet.) ("The relationship between a bank and its customers ... does not generally create a special or fiduciary relationship.")); *see also Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962) (the relationship between a bank and its customers does not create a special or fiduciary relationship).

Miller's allegations describe a relationship between a bank and a customer, which is insufficient to state a claim for breach of fiduciary duty.

And, so, Miller's claim for breach of fiduciary duties should be dismissed.

### III. Miller's remaining claims are subject to dismissal.

Miller's remaining claims are brought under various federal statutes. *See* Dkt. No. 1-3 at 8-13.

No private right of action exists for any of the statutes under which Miller asserts claims. *See Cabral v. Citibank, N.A.*, 737 F. Supp. 3d 149, 153 (D.R.I. 2024)

(no private cause of action under 12 U.S.C. § 504); *Aaronson v. Kangarani*, No. 1:19-CV-00468-CL, 2019 WL 3490447, at *3 (D. Or. June 20, 2019) (no private cause of action under 18 U.S.C. § 1956), *report and recommendation adopted*, No. 1:19-CV-00468-CL, 2019 WL 3462540 (D. Or. July 31, 2019); *Nesbit v. Blue Streak Elecs.*, No. 3:20-CV-2255-JR, 2021 WL 1041192, at *2 (D. Or. Feb. 18, 2021) (no private cause of action under 18 U.S.C. § 2314), *report and recommendation adopted*, No. 3:20-CV-02255-JR, 2021 WL 1041118 (D. Or. Mar. 17, 2021); *Smith v. Osvaldik*, No. 1:23-CV-01488-HBK, 2023 WL 8698359, at *4 (E.D. Cal. Dec. 15, 2023) (no private cause of action under 18 U.S.C. § 1348); *Partin v. Gevatoski*, No. 6:19-cv-1948-AA, 2020 WL 4587386, at *3 (D. Or. Aug. 10, 2020) (no private cause of action under 18 U.S.C. § 1581); *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 220 (D. Conn. 2010) (no private cause of action under 18 U.S.C. § 1583); *Spinks v. Lewandowski*, No. 08-6266-AA, 2009 WL 1421209, at *1 (D. Or. May 20, 2009) (no private cause of action under 18 U.S.C. § 1584); *Compton v. Pavone*, No. 21-931, 2022 WL 1039966, at *1 (2d Cir. Apr. 7, 2022) (unpublished) (no private cause of action under 18 U.S.C. § 1589); *Stein v. World-Wide Plumbing Supply Inc.*, 71 F. Supp. 3d 320, 329 (E.D.N.Y. 2014) (no private cause of action under 18 U.S.C. § 1593A).

And, so, Miller's remaining claims should be dismissed.

### IV.    **The Court should not grant leave to amend.**

Insofar as Miller seeks leave to amend her complaint, the Court should deny leave because amendment would be futile, as Miller's claims based on these facts would remain subject to dismissal after amendment. *See Martinez v. Nueces Cnty.,*

*Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) ("If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022))).

And, "[a]lthough plaintiff does not explicitly identify h[er]self as such," the complaint is "'replete with the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign-citizen movement.'" *Bonilla v. Cap. One, Nat'l Ass'n*, No. 3:24-cv-00377-AN, 2024 WL 3567396, at *4 (D. Or. July 26, 2024) (quoting *Sealey v. Branch Banking & Tr. Co.*, No. 2:17CV785-MHT-SMD, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019)).

For example, Miller "appears to subscribe to the 'strawman' theory that a person's name, when spelled in all capital letters, refers to a separate legal entity, frequently cites to the Uniform Commercial Code, and argues that a 'promissory note' or similar document is a form of money, a meritless assertion that courts 'have easily rejected.'" *Bonilla*, 2024 WL 3567396, at *4 (cleaned up).

Miller's legal claims are frivolous and have been "rejected by countless federal courts." *Caetano v. Internal Revenue Serv.*, No. 1:22-CV-00837-JLT-SAB, 2023 WL 3319158, at *4 (E.D. Cal. May 9, 2023) (collecting cases), *report and recommendation adopted*, No. 1:22-cv-00837-JLT-SAB, 2023 WL 4087634 (E.D. Cal. June 20, 2023).

Because these types of claims have been "consistently and thoroughly rejected by every branch of the government for decades[,] … advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants

who raise them." *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986).

## Recommendation

The Court should *sua sponte* dismiss Miller's complaint with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 4, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE