IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NATALIE S. MILLER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:25-CV-1371-L-BN** |
| | § | |
| **CAPITAL ONE, NATIONAL ASSOCIATION,** | § | |
| | § | |
| Defendant. | § | |

# ORDER

On June 6, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 5) was entered, recommending that the court *sua sponte* dismiss with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) all state and federal claims asserted by pro se Plaintiff Natalie S. Miller in this action against Defendant Capital One, National Association ("Defendant") for breach of contract, breach of fiduciary duty, and alleged statutory violations. The Report further recommends that court not allow Plaintiff to amend her pleadings despite her pro se status because the allegations in her current pleadings are not only insufficient, but also frivolous in that they are replete with nonsensical legal-sounding language commonly used in sovereign citizen cases and legal theories that have been consistently rejected by courts. No objections to the Report were filed, and the deadline for doing so has expired.

Having considered the Report, pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. A district court may *sua sponte* dismiss with prejudice claims as long as it gives notice of its intention to do so and provides an opportunity to respond beforehand. *Carver v.*

*Atwood*, 18 F.4th 494, 498 (5th Cir. 2021). Rule 15(a)* provides that leave to amend shall be "freely" given "when justice so requires," and ordinarily, "a pro se litigant should be offered an opportunity to amend his [or her] complaint before it is dismissed." *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627-28 (5th Cir. 2017) (citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). Granting leave to amend, however, is not necessary when the plaintiff has pleaded his or her "best case" after being apprised of pleading deficiencies. *Wiggins*, 710 F. App'x at 627 (quoting *Brewster*, 587 F.3d at 768). A district court may also deny leave to amend if the plaintiff does not provide a copy of the proposed amended complaint or explain how pleading defects could be cured. *Scott v. United States Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam). Likewise, a district court need not grant a motion to amend if doing so would be an exercise in futility. *Wiggins*, 710 F. App'x at 627 (citing *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016)).

Here, the docket sheet reflects that Plaintiff was provided with a copy of the Report and thus received notice of the magistrate judge's Report and recommendation that the court *sua sponte* dismiss with prejudice all of her claims under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff did not file objections to the Report or the magistrate judge's recommendation; nor did she seek an extension to do so. In addition, she has not sought leave to amend her pleadings or explained how she would amend her pleadings, if allowed to do so, to cure the deficiencies noted by the magistrate judge. Although Plaintiff is proceeding pro se and has not previously amended her pleadings since this action was removed to federal court, she had the

---

* The decision to allow amendment of a party's pleadings under Rule 15(a) is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

**Order – Page 2**

opportunity in response to the Report to seek to amend and explain how she would cure the deficiencies identified in her pleadings, but for whatever reason she chose not to do so. *See Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a pro se litigant to develop the factual basis for his complaint."). The court also agrees that any attempt at amendment by Plaintiff would be futile given the frivolous nature of the claims asserted.

Accordingly, for all of these reasons, the court determines that Plaintiff has pleaded her best case, and it agrees that allowing her to amend her pleadings pursuant to Federal Rule of Civil Procedure 15(a) is not warranted under the circumstances, as doing so would only unnecessarily delay the resolution of the litigation. The court, therefore, *sua sponte* **dismisses with prejudice** this action and all claims by Plaintiff against Defendant in this action.

**It is so ordered** this 2nd day of July, 2025.

Sam A. Lindsay
United States District Judge